UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAIME HRYCUNA, No. 09482-049,**

    **Petitioner,**

v.                                                                         **CIVIL ACTION No. 2:18-cv-246**

**J. RAY ORMOND, Warden,**

    **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jaime Hrycuna ("Hrycuna"), Federal Register Number 09482-049, is a federal inmate presently incarcerated in the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"). Hrycuna filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his administrative discipline for violation of institutional rules that resulted in the loss of forty-one (41) days of good conduct time. He claims the Federal Bureau of Prisons ("BOP") violated his due process rights by failing to provide him with a copy of a Discipline Hearing Officer ("DHO") report in a timely fashion after the disciplinary proceedings against him. He seeks reinstatement of the good conduct time and expungement of the underlying incident report from his institutional record.

Respondent filed a Motion to Dismiss (ECF No. 9) with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(k). Hrycuna did not file a response and the time to do so has expired. The matter is therefore ripe for review. For the reasons that follow, the undersigned recommends the court GRANT Respondent's motion and DISMISS the Petition.

## I. Statement of the Case

A.  **Overview of the BOP Inmate Disciplinary Process**

The Federal Bureau of Prisons has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." Id. § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1, 542.10.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within 24 hours of the incident. The incident report contains a written description of the charges against the inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee ("UDC") for an initial hearing. Id. § 541.5(b).

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. Id. § 541.7.

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided with an opportunity to designate a staff representative for assistance at the hearing. Inmates may also provide the names of witness they wish to have called and what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and present

documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. Id. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. Id. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. Id. § 541.8(i).

The CFR does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." Id. § 541.8(h). The associated implementing instructions in the Program Statement for the Inmate Discipline Program say that the DHO provides the inmate with a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09, at 34 (eff. Aug. 1, 2011).

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). The time allowed for submitting such an appeal is "20 calendar days following the date on which the basis for the Request occurred," but this may be extended for a "valid reason." Id. § 542.14(a). An inmate may then appeal the Regional Office decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). The General Counsel is the highest level of administrative appeal. Id.

**B.  Factual Background**

Hrycuna is currently serving a 135-month sentence at FCI Beckley on firearm and drug-related offenses. Williams Decl. ¶ 5 (ECF No. 10-1 at 2). From March 15, 2016 to August 6, 2018,

3

Hrycuna was designated to the Medium Security Federal Correctional Institute in Petersburg, Virginia. Id. ¶ 6. On May 24, 2017, Hrycuna provided a urine sample for drug screening. Id. ¶ 7. The screen came back positive for marijuana and buprenorphine. Id.

Hrycuna received Incident Report No. 2993903 on June 1, 2017. The Report charged him with violation of BOP Disciplinary Code 112, Use of any Narcotic Not Prescribed for the Individual by Medical Staff. Id. ¶ 8. On June 6, a UDC reviewed the Report. Hrycuna's only comment to the UDC regarding the charges was, "I agree with the positive reading for buprenorphine but not the marijuana." The UDC referred the charges to the DHO for further hearing. Id. ¶ 9.

After the UDC completed its review, Hrycuna received two forms, a Notice of Discipline Hearing Before the DHO and a copy of his rights. He acknowledged both forms but declined to request a staff representative or the attendance of any witnesses on his behalf. Id. ¶ 10.

The DHO hearing took place on June 14, 2017. Hrycuna again declined the assistance of a staff representative and did not request the appearance of any witnesses. When asked to respond to the charges, Hrycuna said, "I do admit to using drugs. I used suboxone a day before I was tested." Based on Hrycuna's statement and additional documentation of the drug screen, the DHO determined that Hrycuna had committed the charged act in violation of Disciplinary Code 112. The disciplinary sanction included the loss of forty-one (41) days of good conduct time. Id. ¶ 11.

On January 19, 2018, Hrycuna completed Regional Administrative Remedy Appeal No. 929140-R1 ("Appeal R1").[1] In his appeal, Hrycuna complained that he had not yet received a copy

---

[1] Hrycuna submitted a similar appeal at the institution level, but it was denied because appeals from DHO decisions must be submitted at the regional level. Williams Decl. ¶ 13.

4

of the DHO report from the June 14, 2017 proceedings. He alleged this "rampant, systemic issue within the institution" constituted a denial of his due process rights and sought reinstatement of his good conduct time. Pet. Ex. A. The BOP Regional Office received the appeal on January 30, 2018 and immediately denied it. The Administrative Remedy Coordinator's response listed three reasons for the denial. First, the appeal "did not provide a copy of the DHO report [Hrycuna] wished to appeal or identify the charges and date of the DHO action." Second, it was untimely—the rejection stated that "regional appeals (BP-10) must be received within 20 days of the Warden/CCM response or receipt of the DHO report. This time includes mail time." Finally, Hrycuna had failed to provide staff verification that his untimely filing was not his fault. Id.

On January 26, 2018, after he had submitted Appeal R1 but before the Regional Office rejected it, Hrycuna received a copy of the DHO report. He was informed at this time that he had a right to appeal within twenty (20) days. Williams Decl. ¶ 12.

Hrycuna completed Regional Administrative Remedy Appeal No. 929140-R2 ("Appeal R2") on February 12, 2018. In Appeal R2, he explained that he had not received a copy of the DHO report until after he had begun the process of filing Appeal R1. He reiterated his complaint about receiving the DHO report outside what he called the "prescribed time" in the Inmate Discipline Program and again sought reinstatement of his good conduct time and expungement of the incident report. Pet. Ex. A. The Regional Office received Appeal R2 on March 19, 2018 and rejected it as untimely, as it had with Appeal R1. Id.

Hrycuna appealed this rejection to the Central Office with Appeal No. 929140-A1 ("Appeal A1"), which he submitted on March 27, 2018. In Appeal A1, Hrycuna complained about the multiple delays he had encountered in pursuing his appeal, calling it "inexcusable" that his second regional appeal (Appeal R2) was not delivered to the Regional Office until more than a

month after he submitted it. Hrycuna claimed that he had submitted his appeal seventeen days after receiving the DHO report and that he was "not responsible" for any delays after his submission. The Central Office received Appeal A1 on April 6, 2018 and rejected it, concurring with the Regional Office's rationale. The rejection notice directed Hrycuna to follow the resubmission directions from his prior rejections. It stated, "If staff provide a memo stating late filing was not your fault, then resubmit at the level of the original rejection." Pet. Ex. A. Hrycuna did not provide any such staff memorandum and has not made any further administrative remedy filings regarding the DHO at issue. Williams Decl. ¶ 17.

## II. Analysis

In his § 2241 petition, Hrycuna alleges that he was deprived of forty-one days of earned good conduct time in violation of his Fifth Amendment right to due process. Because this deprivation has the functional effect of extending Hrycuna's time of imprisonment, it is a cognizable claim under § 2241. See Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (unpublished per curiam opinion); see also Preiser v. Rodriguez, 411 U.S. 457, 500 (1973). A prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the ... right is not arbitrarily abrogated." Id.

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam opinion); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects 'administrative agency authority.'" Woodford v. Ngo, 548 U.S.

81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Exactly what a prisoner must do to exhaust administrative remedies in the § 2241 context is not entirely clear. In Woodford, the Supreme Court held that the exhaustion requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), required "proper exhaustion"—that is, "compliance with an agency's deadlines and other critical procedural rules." 548 U.S. at 90-93. That statute does not specifically encompass § 2241 claims. See 18 U.S.C. § 1997e(a) (imposing procedural requirements on actions "brought with respect to prison conditions" (emphasis added)); Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Smith v. Angelone, 111 F.3d 1126, 1129-30 (4th Cir. 1997); Fisher v. Johns, No. 5:11-HC-2128, 2012 WL 3266910, at *1 (E.D.N.C. Aug. 9, 2012). However, the policies favoring exhaustion are unchanged whether the requirement is statutory or judicially imposed. Only proper exhaustion effectively advances those policies. See Woodford, 548 U.S. at 90-91. Accordingly, courts generally evaluate exhaustion by § 2241 petitioners by reference to the Woodford requirements. See, e.g., Long v. Wilson, No. 3:11CV602, 2012 WL 1957814, at *3 (E.D. Va. May 30, 2012); cf. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632-33 (2d Cir. 2001) (discussing cause and prejudice standard applicable when a prisoner "has not fully pursued his state remedies").

The requirement of proper exhaustion brings with it the additional complication of procedural default. This may arise if an inmate seeking federal habeas relief cannot properly exhaust his or her administrative remedies due to agency rules (such as time limits for filing

7

appeals). See McClung, 90 F. App'x at 445-46; Moscato, 98 F.3d at 760. Failure to exhaust in such cases is excusable only on a showing of cause and prejudice. McClung, 90 F. App'x at 445. Because the exhaustion requirement in § 2241 is judicially imposed, however, courts may also excuse it when pursuit of administrative remedies would be futile. See Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006) (noting widespread recognition of "futility" exception and suggesting that 4th Circuit precedent supports it).

Accepting that § 2241's exhaustion requirement demands compliance with agency procedures to whatever extent possible, Hrycuna has not done so. At no level has his complaint been reviewed on its merits. Although he attempted to file an appeal at every available level, each one was rejected on strictly procedural grounds. The last two, filed after Hrycuna received a copy of the DHO report, were both rejected as untimely. But the Central Office Administrative Remedy Coordinator, in response to Hrycuna's final appeal at that level, instructed him to resubmit his appeal at the level of the initial rejection with a staff memo stating that his late filing was not his fault. Pet. Ex. A; see 28 C.F.R. § 542.17 (establishing resubmission procedures for rejected administrative appeals). Despite this, Hrycuna has not sought to resubmit his appeal with the requested staff memo. Nor did he offer any explanation why the staff memo requirement would frustrate a merits review.

The instruction from the Central Office not only indicates that Hrycuna has not exhausted his administrative remedies, but also casts doubt on whether his claims are procedurally defaulted. The controlling regulation sets out time limits for filing Administrative Remedy Appeals but

permits administrative extensions for any "valid reason."[2] 28 C.F.R. §§ 542.14(b), 542.15(a). Hrycuna's first rejection at the Regional Office level stated that he had not included a copy of the DHO report, but the core complaint in his appeal was that he had not received a copy of that report. The subsequent rejections of Appeal R2 and Appeal A1 focused on timeliness but explicitly directed him to resubmit his appeal with supporting documentation from staff. At least at the time they were returned, these rejections did not clearly foreclose Hrycuna's administrative remedies, and the court cannot say that continuing to pursue those remedies would be futile.

Other courts facing similar circumstances have required exhaustion from would-be habeas petitioners. In Lindsey v. Thomas, a § 2241 petitioner argued he should have been excused from the exhaustion requirement because he did not receive a copy of the DHO report for over two months after it was signed and dated. Lindsey v. Thomas, No. 1:CV-13-3102, 2014 WL 3890005, at *5 (M.D. Pa. Aug. 8, 2014). The court refused to relax the exhaustion requirement because the petitioner was still given the opportunity to file an appeal after receiving the report but chose not to do so. Id. at *6; see also Staples v. Chester, 370 F. App'x 925, 930 (10th Cir. 2010) (rejecting argument that delayed receipt of DHO report rendered administrative remedy process futile because inmate was free to re-file the appeal after receiving a copy); cf. Tucker v. Helbig, No. 8:13-cv-00401, 2013 WL 6288674, at *9 (D.S.C. Dec. 4, 2013) ("When a prison official returns a prisoner's appeal because it is deficient and directs the prisoner to remedy the deficiency and

---

[2] The time limits themselves are somewhat opaque. The regulation states that the time to file an initial appeal from a DHO decision runs from "the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Hrycuna's appeal rejections, however, reference the "receipt of the DHO report" as the relevant time point. See Pet. Ex. A. Given that Hrycuna's initial appeal was rejected because it did not include a copy of the DHO report, actual agency practice appears to use the receipt date as the relevant benchmark.

9

resubmit the appeal, if the prisoner fails to do so the prison administrative remedy process was not properly completed."), aff'd, 566 F. App'x 268 (4th Cir. 2014) (unpublished per curiam opinion).

Here, each of Hrycuna's appeals was rejected because of specific procedural deficiencies. In each instance, Hrycuna had the opportunity to resubmit his appeal with corrections or an explanation for the deficiency. He never attempted to do so but instead filed suit in federal court seeking habeas relief. Excusing the exhaustion requirement in this case would render the BOP disciplinary process a dead letter and invite future disregard of its requirements.

## Conclusion

Because Hrycuna has not properly exhausted his administrative remedies and has not demonstrated that any attempt to do so would be futile, the court cannot review the merits of his claim at this time. Instead, the proper course is to dismiss his petition without prejudice. See Bataldo-Castillo v. Bragg, 678 F. App'x 166 (4th Cir. 2017); Fisher, 2012 WL 3266910, at *2. The undersigned therefore recommends that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED and Hrycuna's Petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies. The Clerk is REQUESTED to mail a copy of this Report to Hrycuna at the address on file with the court and at the following address, where the Federal Bureau of Prisons and Respondent indicate he is currently located:

Jaime Hrycuna  
No. 09482-049  
FCI Beckley  
1600 Industrial Road  
Beaver, West Virginia 25813

## Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits and extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 19, 2019

11

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Jaime Hrycuna
No. 09482-049
Oklahoma City Federal Transfer Center
P.O. Box 898801
Oklahoma City, Oklahoma 73189

and an additional copy was mailed to:

Jaime Hrycuna
No. 09482-049
FCI Beckley
1600 Industrial Road
Beaver, West Virginia 25813

and an electronic copy was provided to:

Sean Douglas Jansen
Assistant United States Attorney
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

February 19, 2019